# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| COLUMBIA HOSPITAL AT MEDICAL CITY OF DALLAS SUBSIDIARY, L.P. D/B/A MEDICAL CITY DALLAS AND COLUMBIA MEDICAL CENTER OF PLANO SUBSIDIARY, L.P. D/B/A MEDICAL CITY PLANO, § § § § § § § § | |
| *Plaintiffs,* § § | Civil Action No. 4:24-cv-924 |
| v. § § | Judge Mazzant |
| CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA AND KEENAN & ASSOCIATES, INC., § § § § § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Kennan & Associates, Inc.'s Motion to Dismiss (Dkt. #8) and Defendant California Physicians' Service's Motion to Dismiss (Dkt. #14). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that the Motions should be **GRANTED**.

## BACKGROUND

This dispute involves Employee Retirement Income Security Act of 1974 ("ERISA") and contract law. Plaintiffs are hospitals in Texas that serve the Plano and Dallas metropolitan area (Dkt. #1 at ¶ 9). Defendants are affiliated with Blue Cross and Blue Shield of Texas ("BCBS") and insures and administers health plans that cover Texas residents (Dkt. #1 at ¶¶ 5, 10–13). Plaintiffs entered into an agreement with BCBS whereby Plaintiffs would treat patients with BCBS health plans and then be reimbursed for that treatment (Dkt. #1 at ¶ 5). According to Plaintiffs, that did

not happen here. Plaintiffs allege they rendered medically necessary services to three patients, submitted claims to BCBS, BCBS rejected the claims, Plaintiffs timely appealed those denials to Defendants, and Defendants denied the appeals (Dkt. #1 at ¶¶ 9–75). Currently, Defendants have not paid Plaintiffs anything.

On October 16, 2024, Plaintiffs filed suit, invoking the Court's federal question jurisdiction and diversity jurisdiction (Dkt. #1). Plaintiff's Complaint lists the following causes of action: (1) failure to comply with health benefit plan in violation of ERISA (Count 1); breach of contract for plans not subject to ERISA (Count 2); and breach of contract by Defendant California Physician's Service d/b/a Blue Shield of California ("BSC") (Dkt. #1 at ¶¶ 76–97). Defendant Keenan & Associates, Inc. ("Keenan") filed its Motion to Dismiss on December 18, 2024 (Dkt. #8). Plaintiff responded on January 24, 2025 (Dkt. #16). Keenan filed a Reply on February 14, 2025 (Dkt. #26). BSC filed its Motion to Dismiss on January 23, 2025 (Dkt. #14). Plaintiffs responded on February 14, 2025 (Dkt. #27). BSC filed its Reply on February 21, 2025 (Dkt. #28).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented

2

by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendants raise a variety of challenges to Plaintiffs Complaint in their Motions (*See* Dkt. #8; Dkt. #14). Keenan urges the Court to dismiss by arguing: (1) the Court does not have subject matter jurisdiction; (2) the Court does not have personal jurisdiction over it; (3) venue is improper, (4) Plaintiffs' claims are time barred; (5) a necessary party has not been joined; and (6) Plaintiffs have not stated a plausible claim (Dkt. #8). BSC likewise argues that: (1) the Court does not have subject matter jurisdiction; (2) the Court does not have personal jurisdiction over it; (3) Plaintiff's claims are time barred; (4) Plaintiffs have not stated a plausible claim; and (5) ERISA preempts Plaintiffs' breach of contract claims in Count 2 (Dkt. #14). As both Defendants have asserted a challenge to the Court's subject matter jurisdiction, the Court must start there. *Ramming*, 281 F.3d at 161. Ultimately, the Court finds that Plaintiffs have not established that the Court has federal question or diversity jurisdiction and it must dismiss the action without prejudice.

I.    **Federal Question Jurisdiction**

Under ERISA, an action to recover benefits may only be brought by (1) a participant or beneficiary of a plan, or (2) a healthcare provider with a valid assignment. *Tango Transp. v. Healthcare Fin. Serv.*, 322 F.3d 888, 890–92 *5th Cir. 2003). Plaintiffs are healthcare providers who contend that they have valid assignments (Dkt. #1 at ¶¶ 80, 83; Dkt. #16 at pp. 8-10; Dkt. # 27 at pp. 6-9). Defendants disagree and aver that Plaintiffs have not adequately alleged that they possess valid assignments of rights under any patient's health plans or insurance policies (Dkt. #8 at pp. 10-12; Dkt. #14 at pp. 10, 16-18; Dkt. #26 at pp. 2-3). Thus, Defendants urge the Court to dismiss the ERISA claims in Count 1 pursuant to Rule 12(b)(1) because Plaintiffs have not plausibly alleged valid assignments, which deprives Plaintiffs of standing under ERISA to bring their claims (*See* Dkt. #8 at pp. 10-12; Dkt. #14 at pp. 10, 16-18; Dkt. #26 at pp. 2-3). Plaintiffs respond by arguing that the Court should analyze the issue of assignments pursuant to Rule 12(b)(6) (Dkt. #16 at pp. 8-10; Dkt. # 27 at pp. 6-9). The Court agrees with Defendants.

The Court must analyze Defendant's Motion, as to Count 1, under Rule 12(b)(1) because standing under ERISA invokes the Court's subject matter jurisdiction. *Columbia Med. Ctr. of Plano Subsidiary, L.P. v. Anthem Blue Cross Life and Health Ins. Co.*, No. 4:24-cv-137, 2025 WL 2107996, at *3 (E.D. Tex. July 28, 2025) (citing *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 262–64 (5th Cir. 2006)) (analyzing ERISA standing as a question of subject matter jurisdiction); *see also Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006) ("[S]tanding to bring an action founded on ERISA is a 'jurisdictional' matter."); *cf. Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 250 (5th Cir. 2019) ("If the provider lacks standing to bring the lawsuit due to a valid and enforceable anti-assignment clause, then federal courts lack jurisdiction to hear the case."). Because Count 1 must be analyzed under Rule 12(b)(1)'s framework, the Court will

assess whether the attack on Plaintiffs' Complaint is facial or factual. *See Columbia Med. Ctr.*, 2025 WL 2107996, at *3 (citing *Cell Sci. Sys. Corp.*, 804 F. App'x at 263).

Defendants' attack on the Complaint is factual. "A facial attack on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Cell Sci. Sys. Corp.*, 804 F. App'x at 263 (citation modified). "A factual attack, however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation modified). Here, Defendants launched a factual attack by challenging the underlying facts that support the Complaint—whether the assignments exist at all—rather than merely challenging the allegations on their face (*See* Dkt. #8 at pp. 10–12; Dkt. #14 at pp. 10, 16–18; Dkt. #26 at pp. 2–3). *Id.* at 263–64. "[W]hen a factual attack is made upon federal jurisdiction, no presumptive truthfulness attaches to the [plaintiff's] jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 264 (quoting *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). So, "in order to survive the Rule 12(b)(1) motion to dismiss for lack of jurisdiction," Plaintiffs must "put forth evidence of valid and enforceable assignments of benefits from the ERISA plan participants and/or beneficiaries." *Id.* at 264. Here, Plaintiffs have not brought forward evidence of the assignments and have only alleged their existence (*See* Dkt. #1; Dkt. #14; Dkt. #27). Thus, the Court must dismiss Count 1 without prejudice. *See id.*

## II.     Diversity of Citizenship Jurisdiction

Keenan also argues that there is no diversity of citizenship jurisdiction over the breach of contract claims because Plaintiffs have not established that complete diversity exists among the parties (Dkt. #8 at pp. 13–14). Plaintiffs bear the burden of specifically alleging each party's

citizenship. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). "Failure to adequately allege the basis for diversity jurisdiction mandates dismissal." *Id.* at 805.

Keenan first argues that diversity jurisdiction is determined by the citizenship of the assignor and that Plaintiffs have not established the citizenship of the assignors in this case (Dkt. #8 at pp. 13–14). Keenan is incorrect on this point. "A district court shall not have jurisdiction over a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Blue Shield of Cal., Inc.*, No. SA-23-CV-01414-OLG, 2025 WL 967557, at *7 (W.D. Tex. Mar. 3, 2025), *report and recommendation adopted*, No. SA-23-CV-01414-OLG, 2025 WL 971755 (W.D. Tex. Mar. 25, 2025) (citing 28 U.S.C. § 1359). Courts will only consider an assignor's citizenship where the assignment was made to collusively or improperly manufacture diversity of citizenship. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 (5th Cir. 2000) ("[§ 1359] has generally been restricted to circumstances involving assignment of interest from non-diverse to diverse parties to collusively create diversity jurisdiction."). Here, there is no allegation that Plaintiffs received an assignment to manufacture diversity jurisdiction. Thus, the Court will evaluate whether Plaintiffs adequately pleaded the basis for diversity of citizenship jurisdiction.

When a limited liability company or partnership is a party to a lawsuit, the party invoking the court's diversity of citizenship jurisdiction must establish the citizenship of each of the members or partners. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."). When partners or members of an LLC are themselves entities or associations, each layer of members or partners

must be traced until one arrives at an individual or entity not a partnership or LLC. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members") (citation modified); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

Plaintiffs do not properly allege their citizenship. In the Complaint, Plaintiff Medical City of Dallas states that it is a Texas limited partnership with its principal office in Dallas (Dkt. #1 at ¶ 1). Its limited partner is Medical City Dallas Partner, LLC, a Delaware LLC with a principal place of business in Tennessee (Dkt. #18 at ¶ 1). Plaintiff Medical Center of Plano is a Texas limited partnership with its principal office in Collin County, Texas (Dkt. #1 at ¶ 2). Its limited partner is Medical Center of Plano Partner, LLC, a Delaware limited liability company with a principal place of business in Tennessee (Dkt. #18 at ¶ 2). Columbia North Texas Subsidiary GP, LLC is the general partner for both Plaintiffs (Dkt. #1 at ¶¶ 1–2). It is organized under the laws of Texas with a principal place of business in Tennessee (Dkt. 18 at ¶¶ 1–2).

None of these facts establish Plaintiffs' citizenship for diversity purposes as they have only provided the principal place of business of their partners, not the citizenship of every partner or member at every level. *See Carden*, 494 U.S. at 195. A limited partnership's principal place of business is not relevant and has no bearing on the citizenship of the partnership or its individual partners. *MTGLQ Investors, LP v. Charboneau*, No. 4:18-CV-871, 2019 WL 5703911, at *2 (E.D. Tex. Nov. 4, 2019) (citing *Carden*, 494 U.S. at 195–96). Furthermore, Plaintiffs' Rule 7.1 disclosures are equally unhelpful as they have failed to properly include the required information. Federal Rule of Civil Procedure 7.1 mandates that "[i]n an action in which jurisdiction is based on diversity . . . a party must . . . file a disclosure statement . . . [that] name[s]—and identif[ies] the citizenship of—

7

every individual or entity whose citizenship is attributed to that party." Plaintiffs' Rule 7.1 disclosures are clearly deficient because they do not list the *citizenship* of all of their partners (*See* Dkt. #18). Accordingly, the Court must dismiss the remainder of the Complaint without prejudice.

### III.     Leave to Amend

While the Court finds that it currently lacks subject matter jurisdiction, it also finds that Plaintiffs should be granted leave to amend to correct the deficiencies. Leave to amend should be freely given when justice so requires. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). Accordingly, the Court finds that Plaintiffs' request for leave to amend should be granted. Defendants may refile their remaining 12(b) challenges once Plaintiff establishes this Court has subject matter jurisdiction.

### CONCLUSION

It is therefore **ORDERED** that Defendant Kennan & Associates, Inc.'s Motion to Dismiss (Dkt. #8) and Defendant California Physicians' Service's Motion to Dismiss (Dkt. #14) are hereby **GRANTED**. Plaintiffs' claims against Defendants are hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiffs may file an amended complaint within fourteen (14) days of the issuance of this Memorandum Opinion and Order. Defendants may refile their remaining challenges if Plaintiffs properly invoke this Court's subject matter jurisdiction.

**IT IS SO ORDERED.**
**SIGNED** this 20th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE